IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN MITCHELL,

    Plaintiff

vs.  :  CIVIL ACTION NO. 3:CV-08-787
     :  (JUDGE KOSIK)

EDWARD G. RENDELL, Governor of
Pennsylvania, et al.,

    Defendant

# MEMORANDUM

Plaintiff, Stephen Mitchell, an inmate confined at the State Correctional Institution at Coal Township, Pennsylvania filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on April 28, 2008. Named as defendants in the action are Edward G. Rendell, Governor of the Commonwealth of Pennsylvania; Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections; Joseph Piazza, Superintendent at SCI-Coal Township; David Varano, Deputy Superintendent Centralized Services Coal Township; R. McMillian, Deputy Superintendent Facility Management Coal Township; David McAnney, Major of the Guard Coal Township; Correctional Officers Wiseman and McDonald; and Kathleen Strausser, Clerk and Prothonotary, Northumberland County Court, Sunbury, Pennsylvania. Plaintiff proceeds in forma pauperis in this matter.[1] Pursuant to 28 U.S.C. §

---

[1]Plaintiff completed this court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on May 5,
(continued...)

1915, the court is required to examine the complaint for legal sufficiency and to dismiss the complaint, or any part of it, if it is frivolous, malicious or <u>fails to state a claim on which relief may be granted</u>.[2] Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims "for failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint before service – failure to state a claim under Rule 12(b)(6) principles.

In considering a Rule 12(b)(6) motion to dismiss, the district court must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000). However, "the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form

---

[1](...continued)
2008 (Doc. 7), directing the warden at SCI-Coal Township to commence deducting the full filing fee from plaintiff's prison trust fund account.

[2]28 U.S.C. § 1915(e)(2) provides:
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
        (A) the allegation of poverty is untrue; or
        (B) the action or appeal –
            (I)  is frivolous or malicious;
            (ii)  fails to state a claim on which relief may be granted; or
            (iii)  seeks monetary relief against a defendant who is immune from such relief.

of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). A motion to dismiss may be granted only where the allegations fail to state any claim upon which relief may be granted. See Morse v. Lower Merion Sch. Dist. 132 F.3d 902, 906 (3d Cir. 1997). Dismissal is warranted if a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, _ , 127 S.Ct. 1955, 1974 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at _ , 127 S.Ct. at 1965.

## I. Background of Amended Complaint

As we indicated earlier, plaintiff filed his original complaint on April 28, 2008. He filed an amended complaint on June 11, 2008. We will now review the allegations set forth in plaintiff's amended complaint.[3]

The plaintiff states that he was transferred from SCI-Albion to SCI-Coal Township on February 12, 2008. He was placed in the Restricted Housing Unit for review by the Program Review Committee because he is "2-code (single cell)" and there were no beds. He states that he was put next to Michael Tacker, another inmate that he should have been separated from due to a prior incident in the early 1990s. He filed grievance # 218831

---

[3]See Doc. 11. We note that since the filing of his original complaint, plaintiff has filed numerous documents requesting various forms of relief from this court. We will address these documents in chronological order.

because of his placement next to inmate Tacker. He states that he saw defendant McMillian on February 14, 2008 and again on February 26, 2008 due to grievance #218831. He states that he filled out a witness form asking that he not be put in harms way because of inmate Tacker; that he was moved to another unit; and that defendant Varano said that he would remain separated from inmate Tacker. He states that on May 5 he was written up for refusing to move near Tacker. He asserts that he wrote to the District Attorney of Northumberland County. He states that he saw defendant Varano on February 28, 2008, and he was told that he would be held in RHU because he wouldn't fit in general population. He states that he appealed to defendant Piazza, the Superintendent at SCI-Coal Township, and that defendant Piazza denied his due process by not responding or acknowledging the appeal.

Plaintiff alleges that due to the above occurrences, he decided to file a petition for writ of habeas corpus in the Northumberland County Court, where defendant Strausser is the Clerk. He claims that defendant Strausser did not acknowledge receipt of his petition and he noticed changes in the way prison staff responded to him, leading him to believe defendant Strausser told prison administration about his petition. Defendant Strausser finally acknowledged receipt of the petition.

Plaintiff then discusses the mailboxes in the Restricted Housing Unit. He asked Correctional Officer defendants Wiseman and McDonald about stapling his petition. They

said they would staple it, but only in an office out of his sight. Because he did not believe they would do so, he declined. His next concern was getting the petition for writ of habeas corpus in the mail. When he asked defendants Wiseman and McDonald about the mail, he was told that it did not go in one of the three mailboxes in the Unit, and that they would have to take it somewhere else for mailing. He refused and filed a grievance # 222562. The initial response to his grievance was from defendant Major McAnney. Plaintiff states that defendant McAnney ignored the issue of mailboxes, as did defendant Piazza and Chief Grievance Officer Cindy Watson.

Plaintiff states that he was kept in the RHU and that he was locked down from February 12, 2008. He was afraid he would be hurt. He states that he had a problem with his mail in that it was not put in the three mailboxes on the Unit. Additionally, the prison administration kept him in "lock down" because they wanted to be sure he was not harmed in general population.

Plaintiff states that he wrote to defendant Governor Rendell and received no response. He also wrote to defendant Beard as head of the Pennsylvania Department of Corrections. Plaintiff claims that he has been serving a life sentence since February 4, 1978. He states that his sentence could not be changed or altered by defendants Beard or Piazza. Plaintiff then discusses the grievance process and his Due Process rights and again questions who has the right to alter his sentence. He states that only defendant

Rendell would be allowed to change, alter, or delete his sentence. Finally, plaintiff states that defendant Strausser violated a sacred oath and his trust if she collaborated with the Coal Township administration by alerting them to his habeas petition.

In his request for relief, plaintiff states that:

> 1. I ask for a fair review of my writ of habeas corpus. I'd like to be protected not only from Coal Township employees but all Pennsylvania Department of Corrections employees and be transferred out of state anywhere except New Jersey.
>
> 2. I would like each defendant under their working and/or personal lives and titles to have to pay $10,000 punitive, compensatory and declaratory whether they leave or stay on their present employ.
>
> 3. I'd like this Honorable Court to enforce settlement and protect my interest to make sure defendants keep their word.

Following the filing of his amended complaint, plaintiff has submitted to the court numerous documents in support of his complaint. Specifically, plaintiff has included grievances and complaints with the institution, the responses thereto, and correspondence with various outside agencies and the responses thereto.

## II. Discussion

After outlining the facts as presented in plaintiff's amended complaint, we will attempt to extrapolate the causes of action raised by plaintiff. Initially, plaintiff questions his transfer to SCI-Coal Township in February of 2008, his placement next to inmate Tacker, and his classification in the Restricted Housing Unit. Moreover, in his request for relief, plaintiff asks

to be separated from the Pennsylvania Department of Corrections by being moved out of state.

Plaintiff implies that his placement next to inmate Tacker is compromising his safety. However, he has not alleged any actual incidents regarding inmate Tacker and he acknowledges that the prison authorities moved him to a different unit after he expressed his concern. Moreover, he was assured by defendant Varano that he would not be housed in proximity to defendant Tacker.

Under the Eighth Amendment, prison officials have a duty to protect prison inmates from violence at the hands of other inmates. See Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985) (citing Benson v. Cody, 761 F. 2d 335, 339 (7th Cir. 1985)). In order for a plaintiff to prove a constitutional violation in a failure to protect case, a plaintiff must demonstrate that: (1) he is incarcerated under conditions posing a substantial risk of serious harm; and (2) the prison officials acted with deliberate indifference to his health and safety. See Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997).

We find that plaintiff's allegations surrounding defendant Tacker fail to satisfy either of these requirements. First, plaintiff has not alleged that any harm has ever happened to him at the hands of inmate Tacker. While plaintiff asserts that an incident occurred in the early 1990s that makes him wary of inmate Tacker, he merely makes a conclusory allegation that he is in danger. Second, Plaintiff concedes that he was removed from the

unit where inmate Tacker was housed and was assured that he would be kept away from inmate Tacker. Thus, we find that plaintiff has failed to set forth an Eighth Amendment failure to protect claim.

As to plaintiff's next claim, he appears to complain that he was housed in the RHU since he was transferred to SCI-Coal Township on February 12, 2008. He also requests a transfer out of SCI-Coal Township. Plaintiff's amended complaint was filed on June 11, 2008.

It is well-established that an inmate has "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); James v. Reno, 39 F.Supp.2d 37, 40 (D.D.C. 1999) (citation omitted) (a federal inmate "has no liberty interest in his security classification").

Likewise, it has been recognized that an inmate has no justifiable expectation that he will be incarcerated in any particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montayne v. Haymes, 427 U.S. 236, 242 (1976). Moreover, Plaintiff has not alleged that his custody classification at SCI-Coal Township has resulted in the type of atypical or significant hardship necessary to establish a constitutional violation under Sandin v. Conner, 515 U.S. 472, 484 (1995).

"[T]he baseline for determining what is 'atypical and significant' - the 'ordinary incidents of prison life' - is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." Griffin v. Vaughn, 112 F. 3d 703, 706 (3d Cir. 1977)(quoting Sandin, 515 U.S. at 486). Confinement in administrative or punitive segregation is insufficient, without more, to establish the kind of "atypical" deprivation of prison life necessary to implicate a liberty interest.

In Sandin, the U.S. Supreme Court held that 30 days in disciplinary custody was not an "atypical and significant hardship" for purposes of the Due Process Clause. See Sandin, 515 U.S. at 487. In Griffin, the Court of Appeals for Third Circuit concluded that fifteen months in administrative custody did not rise to the level of atypical and significant hardship. See Griffin, 112 F.3d at 708. In Fraise v. Terhune, 283 F.3d 506 (3d Cir. 2002), confinement in a Security Threat Group Management Unit was at issue. The court found that although the inmates in the unit faced additional restrictions, confinement there was not atypical and significant so as to implicate the Due Process Clause. One of the factors considered was that plaintiffs' confinement in the unit did not exceed the sentences imposed upon them or otherwise violate the Constitution. Fraise, 283 F.3d at 522.

Plaintiff lacks a due process interest in his custodial classification or, for that matter, his prison housing location. Cardenas v. Wigen, 921 F.Supp. 286, 291-92 (E.D. Pa. 1996).

Plaintiff disagrees with the classifications/housing assignments he has been subjected to since his transfer to SCI-Coal Township in February of 2008 and he requests transfer to another facility. However, Plaintiff has no constitutional right to any particular custody classification and he fails to allege any conditions resulting in any atypical or significant hardship which would establish a constitutional violation. Plaintiff acknowledges that his placement in the RHU is based on security considerations. Moreover, as to his request to be transferred out of SCI-Coal Township, plaintiff has no justifiable expectation to be incarcerated in any particular prison.

Plaintiff filed numerous grievances arising out of his dissatisfaction with being housed at SCI-Coal Township. He was unhappy with the results and appealed the grievances through the administrative remedies system. Woven through Plaintiff's complaint are allegations that Defendants failed to process the grievances and appeals to Plaintiff's liking with respect to many of the claims in the complaint. He is unhappy with the results/outcomes of the grievances and appeals. Defendants' processing of inmate grievances does not, however, give rise to a constitutional claim. Prisoners are not constitutionally entitled to a grievance procedure and the state creation of one does not create any federal constitutional right. Additionally, the right of prisoners to seek redress of their grievances is the right of access to the courts, and this right is not compromised by the failure of the prison to address these grievances. See Wilson v. Horn, 971 F.Supp. 943,

947 (E.D. Pa. 1997), aff'd, 142 F.3d 430 (3d Cir. 1998). Thus, plaintiff fails to state a claim as to these allegations.

Plaintiff next addresses his filing of a petition for writ of habeas corpus in Northumberland County. He also addresses his attempt to have the petition stapled and mailed. In his request for relief, plaintiff requests that his petition for writ of habeas corpus in Northumberland County be viewed fairly. He also alleges that defendant, Strausser, the Clerk and Prothonotary of Northumberland County may have told prison officials of his habeas petition thereby betraying a sacred oath and his trust.

As to plaintiff's request regarding his petition for writ of habeas corpus which is pending in Northumberland County, we believe that abstention under Younger v. Harris, 401 U.S. 37 (1971) is appropriate. The Court of Appeals for the Third Circuit has held that Younger abstention is appropriate only if "'(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.'" Marran v. Marran, 376 F.3d 143, 154 (3d Cir. 2004) (quoting Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)). We believe that plaintiff's on-going petition for writ of habeas corpus filed in Northumberland County falls within the Younger abstention doctrine. Moreover, it appears that plaintiff's petition is still pending and there is no reason to conclude that the petition would not receive a fair hearing in the Northumberland County Court. Finally, plaintiff fails

to set forth a valid claim against defendant Strausser. Plaintiff merely asserts that defendant Strausser may have notified the prison administration that he filed a petition for writ of habeas corpus betraying "a sacred oath and my trust." Plaintiff's allegation is conclusory and fails to set forth a Constitutional violation.

As to plaintiff's complaints regarding the stapling and mailing of his petitions for writ of habeas corpus, he fails to state a claim regarding denial of access to the courts. Plaintiff asserts that he asked defendants Wiseman and McDonald to staple his petition and to mail it for him. After they agreed to do so, out of the sight of the plaintiff, he declined. Plaintiff, however, was still able to file his petition with the Northumberland County Court and he admits that he received an acknowledgment of its filing by defendant Strausser. Plaintiff also makes generic accusations that his mail was not placed in the three mailboxes on the Unit.[4]

In order to state an access to the courts claim, Plaintiff must demonstrate an actual injury imposing a concrete negative effect on a prisoner's attempt to seek judicial redress, either in pursuing an existing non-frivolous lawsuit or in the loss of the opportunity to pursue one at all. See Lewis v. Casey, 518 U.S. 343, 351 (1996). "Actual injury" includes the loss of a non-frivolous claim that relates to a challenge, direct or collateral, to an inmate's

---

[4]We note that since filing the instant action, plaintiff has filed and this court has received numerous documents.

12

conviction or relates to a challenge to the conditions of confinement. Id. at 351-54. Prisoners asserting denial of access to the courts claims must demonstrate their "actual injury" with specificity. See Gordon v. Morton, 131 Fed. Appx. 797, 798 (3d Cir. 2005) (holding that inmate's claim against corrections officers for alleged deprivation of access to the courts failed where he did not demonstrate actual injury). Plaintiff has not met this burden. With regard to any access claims set forth by Plaintiff, he does not allege that he has suffered the required actual injury.

While plaintiff complains that defendants McDonald and Wiseman would only agree to staple his document and mail it outside of his presence, he acknowledges that the petition for writ of habeas corpus was ultimately filed and is pending in the Court of Common Pleas of Northumberland County. Moreover, as to plaintiff's generic accusations regarding his mail not being placed in the three mailboxes on the Unit, as we indicated earlier, plaintiff has filed numerous documents with this court. Because plaintiff has failed to allege that he has suffered any actual injury, these claims are subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, plaintiff discusses that defendant Beard, Secretary of the Department of Corrections and defendant Rendell, Governor of Pennsylvania, were responsible for his housing status.

In order to assert an actionable civil rights claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. See Capone v. Marinelli, 868 F.2d 102, 106 n.7 (3d Cir. 1989); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976). It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs . . . Personal involvement can be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Such allegations, however, must be made with appropriate particularity. See id. Liability may not be imposed under § 1983 on the principle of respondeat superior. Capone, 868 F.2d at 106.

In reviewing plaintiff's allegations, it is evident that plaintiff seeks to impose liability on defendants Beard and Rendell, in their capacities as Secretary of the Department of Corrections and as Governor. While plaintiff alleges that he wrote to defendants Rendell and Beard and received no response, he does not assert that they were aware of his housing status or that they acquiesed in his placement while confined at SCI-Coal Township. Because liability may not be imposed on the basis of respondeat superior, we find that plaintiff fails to set forth a claim against these defendants.

III. Conclusion

We recognize that a plaintiff should be allowed an opportunity to amend a complaint where it can be remedied, and we will grant plaintiff an opportunity to amend his complaint for a second time. Viewing all of plaintiff's allegations in the amended complaint and in the numerous attached documents in light of the constitutional claims he attempts to set forth, we believe an opportunity to amend the complaint is warranted. Grayson v. Mayview State Hospital, 293, F.3d 103, 108 (3d Cir. 2002). Accordingly, we will allow plaintiff twenty (20) days in which to file an amended complaint.

Plaintiff is reminded that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F.Supp. 1185, 1198 (M.D.Pa. 1992). Additionally, it must establish the existence of actions by the defendants which have resulted in constitutional deprivations. E.g., Rizzo v. Goode, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which defendants. The amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. See Fed.R.Civ.P. 8(e)(1).

Plaintiff is further advised that, when drafting his amended complaint, he must also comply with Fed.R.Civ.P. 10. Specifically, Fed.R.Civ.P. 10(b) provides, in relevant part, that all claims ". . . shall be made in numbered paragraphs, . . ." Fed.R.Civ.P. 10(b).

Following the filing of his original complaint, plaintiff filed numerous motions with this court. Specifically, plaintiff filed a motion to appoint counsel (Doc. 2), a motion to compel institution to increase limit of legal postage and copying fees (Doc. 8), a motion to say plaintiff is ready to proceed (Doc. 13), motions to make attached documents part of the record (Docs. 14, 35 and 40). Plaintiff also filed a motion for protection (Doc. 17), a motion to expedite (Doc. 22), motions for protective orders (Doc. 28,30), motions for temporary restraining order (Docs. 32, 37 and 39), and further correspondence in response/request to motion (Doc. 41). In each of these documents, plaintiff makes non-specific allegations regarding his safety and requests a transfer to another facility.[5] Because we will give plaintiff an opportunity to amend his complaint, we will dismiss the outstanding extraneous motions without prejudice and we will direct plaintiff to clearly set forth all claims against each defendant he wishes to join in this action in his amended complaint.

---

[5]We note that following the plaintiff's non-specific filings regarding his status and his safety concerns and his asking for protection from this court and a transfer to another facility (Docs. 17, 28, 30, 32, 37, 38, 39 and 41), this court corresponded with authorities at SCI-Coal Township and was assured of plaintiff's safety. (See Docs. 19, 33, 34 and 36).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN MITCHELL, :
:
    Plaintiff :
:
vs. : CIVIL ACTION NO. 3:CV-08-787
: (JUDGE KOSIK)
EDWARD G. RENDELL, Governor of :
Pennsylvania, et al., :
:
    Defendant :

## ORDER

AND NOW, THIS 29th DAY OF DECEMBER, 2008, IT IS HEREBY ORDERED THAT:

(1) The plaintiff shall file an amended complaint within twenty (20) days of the date of this Order;

(2) The amended complaint shall properly allege all claims against all defendants that plaintiff wishes to raise;

(3) The amended complaint shall contain a simple, concise statement of the facts in numbered paragraphs, Fed.R.Civ.P. 8, 10;

(4) The amended complaint shall be filed to the same docket number as the instant action and shall be entitled "Amended Complaint";

(5) The amended complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the

complaints already filed.

(6) Failure to timely file an amended complaint may result in a dismissal of the action.

(7) The plaintiff's motion to appoint counsel (Doc. 2), motion to compel institution to increase limit of legal postage and copying fees (Doc. 8), motion to say plaintiff is ready to proceed (Doc. 13), motions to make attached documents part of the record (Docs. 14, 35 and 40), motion for protection (Doc. 17), motion to expedite (Doc. 22), motions for protective orders (Doc. 28,30), motions for temporary restraining order (Docs. 32, 37 and 39), and further correspondence in response/request to motion (Doc. 41) are **DISMISSED WITHOUT PREJUDICE**.

_____
Edwin M. Kosik
United States District Judge

2